IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>PAUL DARIO GONZALES,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [63] MOTION FOR TERMINATION OF SUPERVISION**<br><br>Case No. 2:04-cr-00195<br><br>District Judge David Nuffer |

Defendant Paul Gonzales filed a motion requesting early termination of his supervised release ("Motion").[1] Mr. Gonzales pleaded guilty to the following charges: (1) Hobbs Act Robbery; (2) Using Firearm During Crime of Violence; (3) Felon in Possession of a Firearm; (4) Possession of a Firearm Following a Domestic Violence Conviction; and (5) Hobbs Act Robbery.[2] He was sentenced to 161 months of incarceration and 60 months of supervised release.[3] On June 20, 2016, Mr. Gonzales was sentenced to 12 months and 1 day of incarceration and 24 months of supervised release due to a supervised released violation.[4] Mr. Gonzales has served the period of incarceration imposed pursuant to his violation and has completed over a year of supervised release.[5]

---

[1] Motion for Termination of Supervision, docket no. 63, filed July 13, 2018.

[2] Statement in Advance of Plea, docket no. 28, filed Oct. 12, 2004.

[3] Sentencing as to Paul Dario Gonzales, docket no. 33, entered on Dec. 13, 2004.

[4] Minute Entry for Proceedings Held before Judge David Nuffer: Final Hearing re Revocation of Supervised Release, docket no. 58, entered on June 20, 2018.

[5] Motion at 1, docket no. 63.

In response to the Motion, the U.S. Probation Officer filed a Report on Offender under Supervision, which includes the Probation Officer and the United States' position on the Motion.[6]

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[7] The factors to consider in evaluating early termination of supervised release include several of the factors considered in imposing a sentence:

- the nature and circumstances of the offense and the history and characteristics of the defendant;[8]

- the need for the sentence imposed to afford adequate deterrence to criminal conduct;[9]

- the need for the sentence imposed to protect the public from further crimes of the defendant;[10]

- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[11]

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;[12] and

- the need to provide restitution to any victims of the offense.[13]

---

[6] Docket no. 65, filed August 13, 2018.

[7] 18 U.S.C. § 3583(e)(1).

[8] *Id.* (cross referencing 18 U.S.C. § (a)(1)).

[9] *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(B)).

[10] *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(C)).

[11] *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(D)).

[12] *Id.* (cross referencing 18 U.S.C. § 3553(a)(6)).

[13] *Id.* (cross referencing 18 U.S.C. § 3553(a)(7)).

Although Mr. Gonzales's progress is commendable,[14] early termination of his supervised release is not warranted. The United States opposes the Motion at this time, based on Mr. Gonzales's "criminal history, the nature of his instant offense and the impact on the victims, and his prior violation behavior."[15] The Probation Officer agrees with the government's position, and believes that Mr. Gonzales's continued success will be supported by completing his supervised release.[16] Overall, the nature and circumstances of the offense weigh in favor of an unmodified term of supervised release.[17] Further supervised release is also necessary (a) to protect the public from further crimes; (b) afford adequate deterrence to criminal conduct; and (c) to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.[18]

THEREFORE, IT IS HEREBY ORDERED that the Motion[19] is DENIED.

Dated August 17, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[14] The Probation Officer reports that Mr. Gonzales is employed full-time, in a stable relationship, and has not incurred any new criminal charges. Report on Offender under Supervision at 2, docket no. 65.

[15] *Id*.

[16] *Id.*

[17] 18 U.S.C. § 3583(e)(1).

[18] *Id*.

[19] Docket no. 63.